UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff/Respondent,<br><br>v.<br><br>WILLIAM EMORY McDOWELL,<br><br>  Defendant/Petitioner. | CASE NO. C10-5849RBL<br><br>CR04-5193RBL<br><br>ORDER |

THIS MATTER comes on before the above-entitled court upon Defendant's Motion pursuant to 28 U.S.C. § 2255. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

## I.  INTRODUCTION

After a bifurcated trial in late November – early December, 2004 the defendant was convicted of five out of seven counts in a Superceding Indictment. He was convicted of one count of possession of cocaine base (crack) with intent to distribute, one count of tampering with a witness, two counts of being a felon in possession of a firearm, and one count of being a felon

in possession of body armor.[1]  He was found not guilty of possession of a firearm in furtherance of a drug trafficking offense (18 U.S.C. § 924(c)) and of possession of counterfeit currency.  This Court sentenced McDowell to 175 months in custody.  McDowell was represented at trial and for sentencing by Thomas A. Cena.

McDowell appealed his conviction and sentence.  Mr. Cena was allowed to withdraw and Catherine Chaney represented the defendant on this appeal.  On appeal, the defendant's convictions were affirmed except that one of the two convictions for being a felon in possession of a firearm was vacated as multiplitious.  The sentence was reversed and remanded for resentencing based on the Ninth Circuit's holding that the drug and firearms counts should have been grouped together under USSG § 3D1.2(c) instead of counted as two distinct groups under USSG § 3D1.4.  The Ninth Circuit also held that it was improper to apply a two level enhancement under USSG § 2K2.1(b)(1) for possessing three or more firearms.

Thomas Campbell was appointed to represent the defendant for re-sentencing.  On December 11, 2007, the Court again sentenced the defendant to 175 months.  That sentence was based upon a recalculation of the guidelines taking into account the directives from the Ninth Circuit and including a four level enhancement under USSG § 2K2.1(b)(6) for possession of a firearm in connection with another felony that was not included in the original guidelines calculation.

McDowell appealed the sentence.  Mr. Campbell was allowed to withdraw and Suzanne Lee Elliot was appointed to represent the defendant on appeal.  On August 19, 2009, the Ninth Circuit affirmed the sentence.

---

[1] The three felon-in-possession counts were tried together after the jury returned guilty verdicts on the drug and witness tampering counts.

This timely motion under § 2255 followed. Defendant alleges that his trial counsel and appellate counsel on the second appeal made errors so grievous that he was denied the constitutionally guaranteed effective assistance of counsel.

## II. DISCUSSION

**A. The Law**

The defendant's claim that his conviction and sentence must be vacated because he received ineffective assistance of counsel is evaluated under the standard articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish constitutionally ineffective assistance of counsel under *Strickland*, the defendant must show that (1) "counsel's performance was deficient," and (2) counsel's "deficient performance prejudiced the defense." *Id.*, at 687. To show that counsel's performance was deficient, defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.*, at 688. This Court's "scrutiny of counsel's performance must be highly deferential [ ]" and the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*, at 689. To establish prejudice, the defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable[,]" *id.*, at 687, and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.*, at 694.

To prevail on a claim of ineffective assistance of appellate counsel, the defendant must show that counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that but for counsel's unprofessional errors, defendant would have prevailed on appeal. *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989) (citing *Strickland* and *United States v. Birtle*, 792 F.2d 846, 847 (9th Cir. 1986)). Appellate counsel has

no constitutional obligation to raise every non-frivolous issue requested by the defendant. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). "The weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy." *Miller*, 882 F.2d at 1434. "Only if an ignored issue is clearly stronger than the arguments raised on appeal will counsel's performance be considered constitutionally deficient." *Suggs v. United States*, 513 F.3d 675, 678 (7th Cir. 2008).

**B. Trial Counsel Rendered Effective Assistance of Counsel.**

McDowell's complaints center on his trial counsel's performance litigating a motion to suppress pursuant to *Franks v. Delaware*[2], and on trial counsel's performance cross-examining Tacoma Police Department Detective John Ringer.[3] Specifically, he claims that trial counsel's declaration in support of a motion to suppress based on *Franks* contained a "monumental" mistake by confusing confidential informant ("CI") #1 and CI #2. He further claims that trial counsel failed to introduce "critical" evidence that would have undermined the credibility of Det. Ringer and the CIs forcing this Court to hold a *Franks* hearing. McDowell asserts the *Franks* hearing would have successfully invalidated the search warrant resulting in the suppression of virtually all of the evidence against him.

McDowell does not demonstrate how trial counsel's simple confusion of CI #1 and CI #2 had any effect on the Court's decision to deny the *Franks* motion without an evidentiary hearing. Furthermore, the additional evidence he says should have been presented to the Court including a lease in McDowell's name for a different apartment, a document from a counseling service

---

[2] 438 U.S. 154 (1978)
[3] Most of defendant's motion is dedicated to complaining about Det. Ringer. It is not surprising that defendant does so because Det. Ringer has been instrumental in putting a large number of Hilltop gang members in state and federal prisons over the last twenty plus years.

showing McDowell's attendance on a specific date, and a receipt from an auto repair shop for a specific date, add nothing to the *Franks* motion. And, these documents if introduced at trial do not undermine in any way any part of the government's case. Indeed, if the counseling service documents were introduced, the government may well have been entitled to show why McDowell was attending counseling – as part of a court mandated sentence for a domestic violence conviction where the victim was his girlfriend Lindsey Smith – evidence that actually benefits the government's case.

McDowell also claims that had trial counsel included in the motion a police report of an incident referenced in Det. Ringer's affidavit in support of the search warrant, Det. Ringer's credibility would have been so destroyed as to warrant a *Franks* hearing. Furthermore, had trial counsel used the affidavit to attack Det. Ringer's credibility at trial, McDowell claims he would have been acquitted. Nothing in the report is inconsistent with Det. Ringer's affidavit, and the two omissions from the affidavit that McDowell raises were not material.[4] Had trial counsel inquired of this event at trial the jury would have learned even more about McDowell's violent past. This evidence would not have been favorable to the defendant.

McDowell's claim that trial counsel did not protect his confrontation clause rights when he did not somehow force either the Court or the government to make available the two CIs for cross examination is nonsensical. Even if counsel could have forced the issue (which he could not), McDowell's confrontation clause rights were not violated because the CIs' information related in the affidavit went merely to the issue of probable cause, and was not "testimonial." Furthermore, had counsel questioned the CIs at trial about the information they provided to Det.

---

[4] Omitted from the affidavit was the fact that Det. Ringer had no personal contact with McDowell that night and that McDowell was not charged with a crime arising out of the events.

Ringer, "prior bad acts" evidence previously excluded would have been admitted. This evidence would not have been beneficial to McDowell.

McDowell claims that trial counsel should have cross-examined Det. Ringer at trial about his testimony during the suppression hearing that he "knocked and announced" during the service of the search warrant at McDowell's apartment. The FBI report of the search says that someone else did the "knock and announce." McDowell argues that had trial counsel cross examined Det. Ringer on the "knock and announce" discrepancy, the jury would have acquitted him on all counts. His argument is based on unrealistic views of both the likely reason for his acquittal on the § 924(c) count and the value of cross examining Det. Ringer about this issue.

The § 924(c) count was based on the rifle found in Lindsey Smith's trunk. At trial both Det. Ringer and Det. Estes testified on direct that the magazine was inserted into the rifle when they removed it from the nylon bag found in Smith's trunk. On cross examination, trial counsel challenged their memories pointing out among other things that the bag appeared too small to hold the gun with the magazine inserted. The next trial day, Det. Ringer was recalled to the stand and changed his testimony. He testified that the magazine was not inserted into the rifle when they found it because in the inserted state the gun would fit too tightly in the nylon bag. McDowell argues that Det. Ringer's changed testimony resulted in his acquittal on the § 924(c) count.

McDowell's belief that the fact Det. Ringer changed his testimony about the rifle resulted in his acquittal on the § 924(c) count is not supported by the other evidence in the case. The rifle was found in the trunk of her car which was parked miles from the apartment where McDowell was arrested and where the crack cocaine and other evidence were seized. The connection between the rifle and McDowell's drug dealing activities was tenuous and the jury most likely

was simply not convinced that the rifle was possessed by McDowell or was used in furtherance of his drug trafficking.

Trial counsel's decision not to cross-examine on the "knock and announce" discrepancy does not equate to deficient performance. The decision was reasonable considering that the point was minor, and given the totality of the evidence and testimony presented at trial, attacking Det. Ringer on this small discrepancy risked alienating the jury.

Trial counsel's performance was not deficient.

**C. Appellate Counsel Rendered Effective Assistance of Counsel.**

McDowell claims that his appellate counsel was ineffective for failing to make two arguments: (1) that this Court exceeded the Ninth Circuit's mandate for resentencing; and (2) that this Court erred by applying a four level enhancement for possession of a firearm in connection with another felony. He further claims that appellate counsel deprived him of his appellate rights because she filed a merits brief rather than an *Anders* brief. Had she filed an *Anders* brief, McDowell could have filed his own *pro se* brief raising these issues.

McDowell's claims fail. The issues he sought to raise are foreclosed by *United States v. Garcia-Guizan*, 234 F.3d 483 (9th Cir. 2000) and *United States v. Gonzales*, 506 F.3d 940 (9th Cir. 2007). Appellate counsel's decision to not raise these issues was reasonable and her decision to file a merits brief rather than an *Anders* brief did not prejudice McDowell.

McDowell's Motion pursuant to 28 U.S.C. § 2255 is **DENIED.** McDowell's Motion for Appointment of Counsel is also **DENIED.**

**IT IS SO ORDERED.**

1  The Clerk shall send uncertified copies of this order to all counsel of record, and to any
2  party appearing pro se.
3  Dated this 8th day of August, 2011.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE